[Sac. No. 667.   Department Two.—September 4, 1900.]

## EDWARD T. PURSER, Appellant, v. JARVIS E. BAKER and ELIZA A. BAKER, Respondents.

Contract for Water for Irrigation—Price per Acre—Construction of Contract.—A contract to supply water for irrigation at the rate of two dollars per acre for the use of so much water as may be necessary for the reclamation and permanent irrigation for the annual production of crops upon a tract of one hundred and sixty acres, which provides that if there is not a sufficient supply of water and the crops fail no sum shall be paid, is to be construed as providing only for a price of two dollars per acre for so much of the land as is irrigated, and not for the entire tract without regard to the extent of irrigation.

Id.—Complaint for Water Furnished and Delivered on Part of Tract—Findings — Appeal — Presumptions.— Under a complaint alleging that water was furnished and delivered on a certain part of the acreage of the tract at two dollars per acre, findings upon issues joined setting forth a less number of acres upon which water was furnished and delivered are conclusively presumed to be true upon appeal by the plaintiff from the judgment on the judgment-roll. Upon such appeal all presumptions

are in favor of the judgment, and it cannot be presumed that plaintiff was injured by the failure of the defendants to irrigate more land than is specified in the findings, or to use water upon the entire tract.

APPEAL from a judgment of the Superior Court of Lassen County. Stanley A. Smith, Judge presiding.

The facts are stated in the opinion.

Goodwin & Goodwin, for Appellant.

E. V. Spencer, and H. D. & G. S. Burroughs, for Respondents.

COOPER, C.—Appeal from judgment on the judgment-roll. The action was brought to recover of defendants the amount due for water furnished by plaintiff to defendants under certain written contracts, and to have the amount declared to be a lien upon the lands of defendants. The plaintiff recovered judgment and the amount was declared to be a lien upon the lands of defendants, but plaintiff claims that the judgment is not for the amount due according to the contracts, and hence this appeal. Plaintiff contends that his contract was to furnish water for all defendants' lands—one hundred and sixty acres—at one dollar per year per acre, while defendants contend that they were to pay only one dollar per acre for the number of acres irrigated and upon which water was used by them. This presents the only question in the case. The findings show that Clinton C. Hutchinson and Benjamin Leavitt, on the twenty-fourth day of September, 1891, entered into three contracts (which were intended to cover the same matter, and which may for the purposes of this case be treated as one) with Eliza A. Bogle, who was then the owner of the land now owned by defendants, by the terms of which they were to furnish said Bogle "so much of the surplus waters of Susan river as is or may be stored within the Hutchinson and Leavitt irrigation system . . . . as may be necessary for the reclamation of, and permanent irrigation for, the annual production of crops on the tract of land described . . . . and to be used only for the reclamation and permanent irrigation of said land aforesaid. . . . . That the party of the second part hereby agrees to receive water annually from the party of the first part for

the irrigation of the above-described land . . . . and to pay therefor . . . . annually on the first day of December the sum of two dollars per acre for the use of water on the above-described land. . . . . Said water shall be used by the party of the second part for no other purpose than for the irrigation of said land and for domestic purposes on said land during the irrigation thereof, . . . . nor shall the party of the second part be required to pay any sum for the use of water for the year or years of crop failure by reason of an insufficient supply of water." On the same day and as a part of the same contract the said Hutchinson and Leavitt, by a separate instrument in writing, set aside and granted to said Bogle the right to one-half the water rent to become due under the said contract.

The plaintiff has succeeded to the right of Hutchinson and Leavitt, and defendants have succeeded to the rights of said Bogle under the contract. We think the court below placed the correct interpretation upon the contract, and that defendants are bound only for the number of acres upon which they used water. The contract was for irrigation for the annual production of crops. The sum of two dollars per acre was to be paid for the use of water on the land. If there was not a sufficient supply of water and the crops should fail no sum should be paid. The amount to be paid annually was fixed by the acre. The acre was the unit of value, and this multiplied by the number of acres upon which the water was used, would fix the amount to become due under the contract. If it had been intended to be a contract for two dollars per acre for one hundred and sixty acres the contract would have said three hundred and twenty dollars per year, or two dollars per acre for one hundred and sixty acres, but instead it said "two dollars per acre for the use of water."

This was clearly the interpretation given by counsel for plaintiff upon the contract in drafting their amended complaint, for therein they allege that plaintiff has "furnished and delivered water to defendants as therein agreed upon all that portion of said land lying east and north of plaintiff's main canal, and amounting to one hundred and thirty-seven and sixty one-hundredths acres," and the prayer of the complaint is for two dollars per acre for one hundred and thirty-seven and sixty one-

hundredths acres. But regardless of the interpretation of the contract this judgment would have to be affirmed. The court found that plaintiff, "during the years 1893, 1894, 1895, and 1896, and whenever required by defendants so to do, furnished them water to sufficiently and thoroughly irrigate all the said land which they. had under cultivation, and for which they required water. That during the year 1893 defendants used water upon twenty-three (23) acres of said land; during the year 1894 upon thirty-three (33) acres of said land; during the year 1895 upon forty (40) acres of said land, and during the year 1896 upon sixty-four (64) acres of said land."

This finding on this appeal is conclusively presumed to be true. It is not found that plaintiff was ready or willing to furnish water for any more lands than named in this finding. Neither is it alleged nor found that plaintiff has been in any way damaged by the failure of defendants to use water upon the entire one hundred and sixty acres. It may be that the water that plaintiff never delivered was sold by him for much more than the contract price to other parties. Here all presumptions are in favor of the judgment of the lower court. No error to the injury of plaintiff appears from this record.

We advise that the judgment be affirmed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.          Temple, J., McFarland, J., Henshaw, J.